UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAWN SPENCER,

    Plaintiff,

v.                                              Case No: 2:17-cv-381-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Dawn Spencer's Complaint, filed on July 10, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On October 15, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 217, 299-300). Plaintiff asserted an onset date of March 8, 2013. (*Id.* at 299). Plaintiff's application was denied initially on December 4, 2013 and on reconsideration on February 11, 2014. (*Id.* at 217, 233). Administrative Law Judge William G. Reamon ("ALJ") held a hearing on March 11, 2016. (*Id.* at 155-201). The ALJ issued an unfavorable decision on May 5, 2016. (*Id.* at 141-50). The ALJ found Plaintiff not to be under a disability from March 8, 2013, through the date of the decision. (*Id.* at 150).

On June 7, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on July 10, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 18).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 143). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2013, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "affective disorder, anxiety disorder, degenerative disc disease of the lumbar spine without canal or lateral recess narrowing (20 [C.F.R. §] 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.*).

At step four, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant is limited to understanding, remembering, and carrying out simple instructions. Claimant is limited to having no interaction with the general public. Only occasional work setting or process changes are tolerated. Claimant cannot engage in fast paced or assembly line type work.

(*Id.* at 145).

The ALJ determined that Plaintiff was unable to perform her past relevant work as a Department Manager, Administrative Assistant, Office Clerk, and Telemarketer. (*Id.* at 149). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) electronics worker, DOT # 726.687-010, light exertional level, SVP2; (2) small products assembly, DOT # 739.687-030, light exertional level, SVP 2; and (3) housekeeper, DOT # 323.687-014, light exertional level, SVP 2. (*Id.* at 150).[2] The ALJ concluded that Plaintiff was not under a disability from March 8, 2013, through the date of the decision. (*Id.*).

**D.     Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ adequately considered the statements of Plaintiff's treating physicians, consistent with the requirements of 20 C.F.R. § 404.152; SSR 96-2p.

(2) Whether the residual functional capacity assessment adequately addresses the evidence of record and is supported by substantial evidence in the record as a whole, as required by 20 C.F.R. § 404.1545(a) and SSR 96-8p.

(3) Whether the credibility assessment is supported by substantial evidence and properly analyzes the plaintiff's credibility, in accordance with the requirements of 20 CF.R. § 404.1529.

(Doc. 21 at 14, 24, 29). The Court addresses each issue in turn.

### A. Consideration of Plaintiff's Treating Physicians

Plaintiff argues that the ALJ erred in affording little weight to Dr. Mazzorana's opinion, based upon the ALJ's incorrect finding that there was no evidence that Dr. Mazzorana ever examined Plaintiff. (Doc. 21 at 15). Plaintiff asserts that the evidence of record establishes that Plaintiff treated with Dr. Mazzorana on a regular basis throughout the relevant time period. (*Id.*). Plaintiff also asserts that due to a clerical error, a substantial portion of Dr. Mazzorana's records were not submitted into the record until eight (8) days after the date the ALJ rendered his decision. (*Id.*). Plaintiff's counsel asserts that he made the ALJ aware of this problem, but the

ALJ did not respond. (*Id.* at 15-16). Plaintiff argues that it is unclear whether the Appeals Council considered the evidence from Dr. Mazzorana and, further argues that this new evidence "would change the outcome of the decision." (*Id.* at 16-17).

Although Plaintiff couches the first issue as an error by the ALJ in his consideration of Dr. Mazzorana's opinion, in actuality, the issue is whether the decision by the Appeals Council not to review the ALJ's decision is supported by substantial evidence. Stated differently, the ALJ could not have erred in determining, from the evidence before him that Dr. Mazzorana had not examined Plaintiff because Dr. Mazzorana's treatment records were not before the ALJ. Accordingly, the Court finds that the issue raised is whether the Appeals Council erred in not reviewing the ALJ's decision and further erred in finding that the new evidence submitted to the Appeals Council did not show a reasonable probability that it would change the outcome of the decision.

The Commissioner asserts that because the additional evidence submitted to the Appeals Council does not undermine the substantial evidence supporting the ALJ's decision, the Court should affirm the decision. (Doc. 21 at 24). Further, the Commissioner argues that the additional evidence reviewed by the Appeals Council does not change the ultimate determination that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 20).

   **1.  Legal Standard**

Generally, the administrative process permits a claimant to present new evidence at each stage of the administrative process. *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 943 (11th Cir. 2017); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Ingram*, 496 F.3d at 1253. The Appeals Council must consider

new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)); *Ashley*, 496 F.3d at 943 (citing *Washington v. Comm'r Soc. Sec.*, 806 F.3d 1317, 1320 (11th Cir. 2015)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Ingram*, 496 F.3d at 1253. In addition, the new evidence must not be cumulative of other evidence of record. *Ashley*, 496 F.3d at 943-44. "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington*, 806 F.3d at 1321.

Thus, courts employ a two-prong analysis to determine if the Appeals Council erred when not remanding an action. The first prong is whether the evidence is "new" and the second prong is whether the new evidence is "material." *Ingram*, 496 F.3d at 1253. The parties focus their arguments on the second prong of whether the new evidence is "material." Before addressing that issue, the Court must consider whether the evidence is "new."

### 2. New Evidence

To be considered new, the evidence must relate to the period on or before the date of the administrative law judge hearing decision. *Id.* In this case, the ALJ rendered his decision on May 5, 2016. (Tr. at 150). The evidence submitted to the Appeals Council constituted medical records from Dr. Mazzorana dated January 14, 2014 through April 27, 2016, which was before the ALJ rendered his decision. (*Id.* at 44-137). Thus, the evidence submitted to the Appeals Council constitutes new evidence. The Court now turns to the second prong, whether the evidence is material.

### 3. Material Evidence

For evidence to be material, the evidence must demonstrate that the ALJ's action, finding, or conclusion is contrary to the weight of the evidence currently of record. *Ingram*, 496 F.3d at 1253. The Court addresses the Appeals Council's decision, the ALJ's decision, and then the new evidence submitted.

*Appeals Council's Decision*

The Appeals Council denied Plaintiff's request for review. (Tr. at 1). Regarding the new evidence, the Appeals Council stated:

> You submitted treatment records from Douglas Stevens, M.D., dated August 27, 2015 through April 20, 2016 (14 pages) and from Ivan L. Mazzorana, Jr., M.D., dated January 14, 2014 through April 27, 2016 (95 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

(*Id.* at 4). The Appeals Council provided no further explanation.

*ALJ's Decision*

In the decision, the ALJ supported his decision to deny Plaintiff benefits for two reasons that arguably relate to the new evidence submitted to the Appeals Council. First, the ALJ observed that Plaintiff had a gap in treatment. (*Id.* at 148). Second, the ALJ found that Dr. Mazzorana never examined Plaintiff. (*Id.*).

First, as to the gap in treatment the ALJ noted:

> [T]he claimant did not appear to seek or receive significant mental health or other treatment during 2014 and 2015, nor did the claimant receive emergency care during this period. This suggests that the claimant is not as limited as is alleged and that her symptoms are not as severe as indicated by her subjective reports. An individual with consistent symptoms as severe as is alleged by the claimant would have received at least primary care if not emergency treatment during this period.

(*Id.*). Thus, the ALJ supported his decision by determining that there was a gap in Plaintiff's treatment when in fact the new records show that Dr. Mazzorana treated Plaintiff during this time period. (*Id.* at 43-137).

Second, the ALJ afforded Dr. Mazzorana's February 2016 opinion "little weight as the record contains no evidence that Dr. Mazzorana ever examined the claimant and the opinion is not consistent with repeated mental status examinations which showed largely only mild abnormalities or the claimant's large gap in medical treatment." (*Id.* at 148). In his February 2016 opinion, Dr. Mazzorana found that Plaintiff suffered from severe depression, anxiety, and post-traumatic stress disorder and that Plaintiff had extreme limitations in social interaction, sustaining concentration and persistence, and adaption. (*Id.*). Thus, the ALJ supported his decision to afford little weight to Dr Mazzorana's opinion, at least in part, by asserting that Dr. Mazzorana did not examine or treat Plaintiff.

*New Evidence*

The Court now turns to Ivan L. Mazzorana, Jr.'s treatment notes that were submitted to the Appeals Council. The new medical evidence submitted to the Appeals Council spans from January 14, 2014 to April 27, 2016. (*Id.* at 44-137). The ALJ reasoned that because Plaintiff had not sought treatment during this time period, Plaintiff was not as limited as alleged, nor were her symptoms as severe as alleged. (*Id.* at 148). The medical records before the Appeals Council contradict the ALJ's statement and also do not support this significant reason for discounting Plaintiff's limitations and symptoms. Thus, the ALJ's first reason to discount Plaintiff's alleged limitations – that there is a gap in the medical records from 2014 to 2015 – is not supported by the medical evidence of record.

9

Second, the ALJ discounted Dr. Mazzorana's opinion by claiming that Dr. Mazzorana never examined Plaintiff. Although the new evidence from Dr. Mazzorana's office contains some treatment notes from others – such as Patricia Cocoma, ED.D, LCSW – these records also contain treatment notes from Dr. Mazzorana himself. (*Compare* Tr. at 76-77, 92- 93, *with* Tr. at 90-91, 84-85). Dr. Mazzorana personally treated Plaintiff on February 17, 2015, March 18, 2015, April 20, 2015, June 16, 2015, July 29, 2016, September 30, 2015, October 28, 2015, December 9, 2015, January 27, 2016, and March 7, 2016. (Tr. at 52-53, 60-61, 64-65, 66-67, 70-71, 74-75, 78-79, 84-85, 88-89, 90-91). On February 17, March 18, April 20, June 16, July 29, September 30, 2015, Dr. Mazzorana diagnosed Plaintiff with posttraumatic stress disorder and severe recurrent major depression. (*Id.* at 70, 74, 78, 85, 88, 90). Plaintiff presented as constricted affect, depressed mood, alert and oriented in all spheres, speech was low tone and volume, goal directed and insight, and judgment appropriate. (*Id.* at 70, 74, 78, 85, 88, 90). Later, Dr. Mazzorana also diagnosed Plaintiff with bipolar disorder, "most recent episode major depressive," and anxiety disorder. (*Id.* at 68, 64, 60). Dr. Mazzorana's treatment notes also indicate that Plaintiff: (1) feels hopelessness and helplessness; (2) has pervasive thoughts about death; (3) has anxiety, depressed mood, and panic attacks; and (4) has inconsolable crying episodes. (*Id.* at 70, 78, 136).

On February 19, 2016, Dr. Mazzorana completed a Questionnaire as to Mental Residual Functional Capacity and found Plaintiff had extreme limitations in social interaction and sustained concertation and persistence, as well as extreme and marked limitations in adaption. (*Id.* at 591-94). Dr. Mazzorana indicated that Plaintiff has severe depression, anxiety, and PTSD. (*Id.* at 594). The new treatment records show that Dr. Mazzorana treated Plaintiff over an extended period of time and arguably support Dr. Mazzorana's opinion. Thus, the ALJ's second

reason to discount Plaintiff's alleged limitations – that the record contains no evidence that Dr. Mazzorana ever examined Plaintiff – is not supported by the medical evidence of record.

The Court recognizes that the ALJ also discounted Dr. Mazzorana's opinion based upon it "not [being] consistent with repeated mental status examination which showed largely only mild abnormalities." (*Id.* at 148). The Court finds, however, that the ALJ appears to have relied in large part on the presumed gap in medical records and on the incorrect notion that Dr. Mazzorana never examined Plaintiff. Thus, the Court finds that the Appeals Council erred in denying review. Further, the Court finds that there is a reasonable possibility that the new evidence from Dr. Mazzorana would change the administrative outcome. Accordingly, the Court remands this action to the Commissioner to reconsider the records submitted from Dr. Mazzorana.

## B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on the weight afforded Michelle Candelore, D.O's opinion, whether Plaintiff's RFC assessment adequately addresses the evidence of record, and Plaintiff's credibility. (Doc. 21 at 24, 29). Because the Court finds that on remand, the Commissioner must reevaluate the medical evidence of Dr. Mazzorana in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

## III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1)

the medical records of Dr. Mazzorana and Dr. Candelore; (2) the RFC assessment; and (3) Plaintiff's credibility.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on August 14, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties